# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.    WHITNEY BELL, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 1.    APS OF OKLAHOMA, LP,   d/b/a ) <br> FORT THUNDER HARLEY DAVIDSON ) <br> ) <br> 2.    APS OF OKLAHOMA LLC,  d/b/a, ) <br> FORT THUNDER HARLEY DAVIDSON ) <br> ) <br> 3.    ROBERT DODSON, individually ) <br> ) <br>    Defendants. ) | Case No. CIV-18-459-F |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges and states as follows:

### PARTIES AND JURISDICTION

1. The Plaintiff is an individual domiciled in Cleveland County, Oklahoma.

2. Defendant APS of Oklahoma, LP, is an Oklahoma limited partnership with a principal place of business in Cleveland County, Oklahoma. Defendant APS of Oklahoma, LP, operates as Fort Thunder Harley Davidson.

3. Defendant APS of Oklahoma, LLC is a Delaware, limited liability company with a principal place of business in Cleveland County, Oklahoma. Defendant APS of Oklahoma, LLC, also operates as Fort Thunder Harley Davidson.

4. Defendant Robert Dodson is an individual believed a domiciliary of Texas.

5. Plaintiff asserts claims of sexual harassment, hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 and in violation of the Oklahoma Anti-Discrimination Act. Plaintiff also asserts common law causes of action arising from the same set of facts. Jurisdiction over the federal claim is vested by 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). The sate law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367.

6. All of the actions complained of herein occurred in Cleveland County, Oklahoma, and venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

7. Plaintiff timely filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission and has exhausted her administrative remedies. Plaintiff was issued a right to sue letter on February 12, 2018, and timely commenced this action.

## STATEMENT OF FACTS

8. Plaintiff was employed at Fort Thunder Harley Davidson from approximately January 2015 until November 2016 as a Merchandise Manager.

9. Fort Thunder Harley Davidson employs more than fifteen people.

10. Defendant Robert Dodson is, and was at all relevant times, a partner of Defendant APS of Oklahoma, LP, and a member Defendant APS of Oklahoma, LLC, which both operate as Fort Thunder Harley Davidson.

11. Defendant Robert Dodson was heavily involved in the management of Fort Thunder Harley Davidson.

12. On or around September 27, 2016, Plaintiff approached the store General Manager, Nick Mueffleman, about a raise. Nick Mueffleman told her that he was not authorized to give her a raise without Defendant Robert Dodson's consent, and set a meeting for himself, Plaintiff and Defendant Robert Dodson the following day.

13. On September 28, 2016, Plaintiff arrived for the meeting, but Nick Mueffleman was not present. Instead, Plaintiff met with Defendant Robert Dodson on a breezeway overlooking the showroom.

14. In this meeting, Plaintiff told Defendant Robert Dodson she was in a bind. Her husband had left, and without this additional income she could no longer afford the house she shared with her three children. She needed her compensation to be restructured from commission based to salaried and needed a raise. Plaintiff offered to forgo part of her yearly commission to offset the raise. She needed help quickly to provide for her children.

15. Defendant Robert Dodson smiled and told her everything would be alright. Because it was her day off, Defendant Robert Dodson told Plaintiff to go home, and that they would work out the details the following day with James Gilbertson, the controller at Fort Thunder Harley Davidson.

16. Plaintiff left the meeting by exiting down a stairwell that led to her office. Before she exited the stairwell, Defendant Robert Dodson caught up with her.

17. Defendant Robert Dodson began by asking Plaintiff for her contact information to enter into his cell phone. Defendant Robert Dodson then began inquiring into the reasons for Plaintiff's marital troubles and asked if she thought her husband would come back.

When Plaintiff became emotional, Defendant Robert Dodson embraced Plaintiff, continuing the embrace as she tried to pull away from him. Plaintiff then left.

18. When Plaintiff arrived for work the following morning, Defendant Robert Dodson asked to meet with her in his office.

19. In the office, Defendant Robert Dodson told Plaintiff, "You have something that I want and I have something that you need. How are we going to play this out?"

20. Defendant Robert Dodson then compelled Plaintiff to perform oral sex on him.

21. Over the course of the next six weeks, Defendant Robert Dodson compelled Plaintiff to perform oral sex on him an additional four times.

22. Plaintiff reported her ordeal to Emily Jeffries, Human Resources, Donna Bell, James Gilbertson and Carly Lofen. Plaintiff was sent home and told an investigation would follow.

23. Following a phone interview, Plaintiff was told to remain home. Thereafter, she was terminated.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: SEXUAL DISCRIMINATION

24. Plaintiff incorporates by reference all preceding paragraphs herein.

25. Defendant Robert Dodson is both the owner and highest official of Fort Thunder Harley Davidson

26. Defendant Robert Dodson is, or has converted himself to, the general partner of APS of Oklahoma LP.

27. Defendants subjected Plaintiff to a sexually hostile work environment.

28. These facts give rise to a cause of action of sexual discrimination and sexual harassment against Defendant APS of Oklahoma, LP, Defendant Robert Dodson, and APS of Oklahoma, LLC. Plaintiff's claims arise under 25 OS § 1350, *et seq* and 42 USC § 2000e *et seq*.

### SECOND CAUSE OF ACTION ALL DEFENDANTS: WRONGFUL TERMINATION

29. Plaintiff incorporates by reference all preceding paragraphs herein.

30. Plaintiff reported the actions of Defendant Robert Dodson to the Human Resources department at Forth Thunder Harley Davidson, as well as every manager available to her. Defendant APS of Oklahoma, LP and APS of Oklahoma, LLC have taken no steps to correct the conditions Plaintiff was subjected to her.

31. Defendant APS of Oklahoma, LP Defendant Robert Dodson, and APS of Oklahoma, LLC have constructively and wrongfully terminated Plaintiff in retaliation for her reporting of Defendant Robert Dodson.

### THIRD CAUSE OF ACTION AGAINST ROBERT DODSON: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff incorporates by reference all preceding paragraphs herein.

33. Defendant Robert Dodson intentional inflicted emotional distress on the Plaintiff.

34. Defendant Robert Dodson's conduct was outrageous and intolerable in a civilized society.

### FOURTH CAUSE OF ACTION AGAINST ROBERT DODSON: TORTIOUS INTERFERENCE WITH A BUSINESS CONTRACT

35. Plaintiff incorporates by reference all preceding paragraphs herein.

36. Plaintiff had a contract with Fort Thunder Harley Davidson, for employment at will, a business relationship with Fort Thunder Harley Davidson as an agent and employee and an economic expectancy of wages, benefits and/or career advancement from Fort Thunder Harley Davidson at the time of Defendant Robert Dodson's actions.

37. Defendant Robert Dodson was aware of the contract, business relationship and economic expectancy between Plaintiff and Fort Thunder Harley Davidson.

38. Defendant Robert Dodson interfered with Plaintiff's contract, business relationship, and economic expectancy by embarrassing, humiliating, and harassing the Plaintiff.

39. Defendant's conduct was improper, malicious, and beyond the scope of his role as an owner of Fort Thunder Harley Davidson.

40. Plaintiff has suffered damages from the loss of her employment, wages, benefits, and career advancement.

### FIFTH CAUSE OF ACTION AGAINST ROBERT DODSON: ASSAULT AND BATTERY

41. Plaintiff incorporates by reference all preceding paragraphs herein.

42. Defendant Robert Dodson assaulted and battered the Plaintiff by forcing her into non-consensual sexual acts.

### PRAYER

**WHEREFORE**, premises considered, Plaintiff prays this Court grant relief in the form of judgment against Defendants in for back pay, lost benefits, front pay until

retirement, compensatory damages, liquidated damages, assess exemplary or punitive damages in an amount to be determined by a jury which is commensurate with Defendant's financial status and sufficient to punish and make an example of them, and to deter others similarly situated from like behavior, award attorney's fees and costs, accruing interest and any further relief this Court deems equitable and just.

Respectfully submitted,

/s/ Joshua S. Turner
Joshua S. Turner, OBA #22321
Talley, Turner & Bertman, P.C.
219 East Main Street
Norman, Oklahoma 73069
Telephone (405) 364-8300
Fax (405) 364-7059
josh@ttb-law.com
Attorney for Plaintiff

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**